## Buck *v.* Goodman, Appellant.

*Sales—Sales of personal property—Brokers—Commissions—Evidence—Sufficiency.*

In an action to recover commissions earned in the sale of personal property, the case is for the jury and a verdict for the plaintiff will be sustained, where the issue is one of fact as to whether or not plaintiff brought about the sale and there is ample evidence to support the verdict.

There is no rule of law which requires that negotiations commenced by a broker must be continued uninterruptedly.

Argued April 30, 1926. Appeal No. 50, April T., 1926, by defendant, from judgment of C. P. Allegheny County, April T., 1923, No. 2233, in the case of M. L. Buck v. Max Goodman. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for commissions earned in the sale of personal property. Before DOUGLASS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $625 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*Charles B. Prichard,* and with him *Armin H. Friedman,* for appellant.—The plaintiff was not the efficient procuring cause of the sale: Earp v. Cummins, 54 Pa. 394; Cathers v. Patchel, 82 Pa. Superior Ct. 257; Groskin v. Moore, 249 Pa. 242; Young v. Dempsey, 67 Pa. Superior Ct. 534; Bossart v. Erie Coal Mining Co., 276 Pa. 63; Mitchell v. Baldwin L. Works, 265 Pa. 148.

The mere introduction of a prospective purchaser does not entitle a broker to a commission: Barrow v. Newton, 48 Pa. Superior Ct. 382.

*O. K. Eaton,* for appellee.

OPINION BY HENDERSON, J., July 8, 1926:

This action rests on a parol contract alleged to have been entered into by the plaintiff with the defendant, according to the terms of which the former agreed to procure a purchaser for a stock of merchandise owned by the defendant in a store carried on by him in the City of McKeesport. The averment of the statement of claim is that the defendant asked the plaintiff to procure a buyer of the store as he desired to retire from business and that he promised the plaintiff a commission of five per cent on the price at which the property would be sold; that pursuant to this agreement the plaintiff undertook to procure a buyer and did bring about a sale to two brothers named Lebowitz and their brother-in-law Klein. It is admitted that the defendant sold his goods to these persons for $12,500, that amount being arrived at on an inventory and a compromise as to the price—the negotiation with reference to the sale having been carried on for a considerable time between the seller and the purchasers. The plaintiff was corroborated in his statement that he brought the store to the attention of the purchasers and induced them to buy. The defendant denied that the plaintiff did anything whatsoever in connection with the sale of the business, or that he introduced the purchaser to the defendant, or informed him that he had a purchaser for the store; or that he knew anything about the negotiation until after the transaction was completely closed and the purchasers had taken possession. The question for determination was therefore whether the defendant had employed the plaintiff to secure a purchaser for the store; whether the

plaintiff did bring the goods to the attention of the Lebowitz brothers and Klein and used his influence to induce them to buy; and whether the defendant promised to pay the plaintiff the commission stated in the event a sale was carried through. The jury credited the plaintiff's evidence and the verdict properly followed. The appellant contends that the mere introduction of a prospective purchaser does not entitle a broker to a commission, but we have here the direct and positive testimony of the plaintiff and two of the purchasers that the plaintiff not only brought to the attention of the latter the fact that the defendant wished to sell, but was active in causing the sale to be accomplished. The jury could find under the evidence that the plaintiff was the immediate and efficient cause of the sale. Moreover, the contract, as asserted by the plaintiff, only provided that the plaintiff should "find a purchaser." That he did do this is directly set forth in the testimony of the plaintiff and two of the purchasers, and if this was done, the plaintiff performed his part of the agreement. That the persons with whom the plaintiff negotiated were the purchasers is not questioned. It was not a material element in the plaintiff's agreement that the price should be stipulated. The thing to be sold was a stock of goods in a store; the value was perhaps not known to the defendant. Evidently he had in view the consideration that any person who proposed to purchase would desire an appraisement of the goods and that the price to be charged would be determined with some reference to the quantity and value of the merchandise on hand. The five per cent which the plaintiff says he was to have must have been in the defendant's contemplation based on the price to be subsequently determined. It was a matter of no concern to the plaintiff that the title to the property, when the sale was made, was taken in the name of one of the Lebowitz brothers.

The purchasers might hold the goods and carry on the business in the name of one or all of the owners. After the sale was made neither the plaintiff nor the defendant had any interest in that subject. The learned trial judge plainly instructed the jury that the plaintiff must have been the moving cause in bringing about the sale before he would be entitled to recover his commission, and that if the sale was brought about through the efforts of any other persons then the latter would not be entitled to recover in the action. The instruction to the jury on the subject of the burden of proof was strictly correct and the objection to it cannot be sustained.

The defendant's fifth point was properly refused. It was to the effect that negotiations "commenced by the broker must be continued uninterruptedly, and he must have been actively instrumental throughout in causing the parties to consummate the transaction." There is no rule of law which requires negotiations entered into by a broker to be "continued uninterruptedly." The point might well have been refused because it was not relevant to the issue as set up in the plaintiff's statement of claim. He was only to find a purchaser which according to his testimony he did. Negotiations between the owner and the prospective buyer as to the value or the method of ascertaining the value were entirely outside of the contract, as asserted by the plaintiff. He found the purchasers and they bought the property at the defendant's price as the jury has found. He was therefore entitled to the compensation shown to have been contracted for. The record does not exhibit any error at the trial which requires a reversal.

The assignments are overruled and the judgment affirmed.